RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 12 2015

Abel Acosta, Clerk

Jeremy Crespin
TDCJ No. 1807429
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX   76597

Able Acosta, Clerk
Court of Criminal Appeals of Texas
P.O. Box   12308
Austin, TX   78711

Januray 5, 2015

RE:   WR-82,141-03 & WR-82, 141-04

Dear Clerk:

Please find enclosed copies of documents for both of the above case numbers.  The writ record in WR-82,141-4 has not yet been forwarded to this Court.  However, Rule 73 of the Texas Rules of Appellate Proceudre now requires the convicting court to forward to this Court any Orders Designating Issues.
I have included that Order herein for the Court's records and it should create a new case number for that writ application.

Please find enclosed the following documents to FILE in the record of case number WR-82,141-04:

1)   State's Proposed Order Designating Issues
2)   Respondent's Answer (Trial Counsel's Affidiavit)
3)   Applicant's PRO SE Motion to STRIKE Trial Counsel's Response and for a Live Evidentiary Hearing (COPY).

Please find enclosed the following document to FILE in the record of case number WR-82,141-03:

1)   Applicant's PRO SE REPLY to Court of Criminal Appeals' Order Dated December 17, 2014 That 1994 Law Applies and That the Juvenile Court Only Transferred Conduct When Applicant Was 16 Years Old.

These documents were FILED in the convicting court; however, I'm worried that court will not forward these documents to this Court --- that is why I am providing a copy.

Thank YOU for your time and assistance in this matter.

Respectfully,

x _Jeremy Crespin_
Jeremy Crespin
Applicant PRO SE

JC/swd
cc:   District Court (363rd)
      Dallas County District Attorney
      FILE

FILED

2014 DEC 19 PM 1:22

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
_____ DEPUTY

CAUSE NO. F08-16204-W
F08-16205-W

| | |
|---|---|
| STATE OF TEXAS | IN THE 363rd JUDICIAL |
| V. | DISTRICT COURT OF |
| JEREMY CRESPIN | DALLAS COUNTY, TEXAS |

## RESPONDENT'S ANSWER

STATE OF TEXAS

COUNTY OF DALLAS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PAUL BRAUCHLE, respondent in the above numbered cause and makes this his response to the Defendant's Writ   and would show the Court as follows;

Movant would have the Court believe that I forced the Movant to accept a probation in his cause and forced him to plead to the offenses he was charged with..

Rather than attempt to answer the hundred or so pages of mendacity, I would ask the Court to revisit the plea of the Defendant and his answers to the questions asked of him in regard to his case.   I was able to secure him a five year probation which he quickly violated.   His complaints could be directed toward his revocation attorney or himself.   A transcript of the Defendant's plea is attached for the Court's perusal.

FURTHUR AFFIANT SAITH NOT.

_____
PAUL BRAUCHLE

On this the 17th day of December, 2014, appeared Paul Brauchle, who after being duly Sworn stated that the forgoing fact are true and correct.



LETICIA RUBIO
Notary Public, State of Texas
My Commission Expires
November 08, 2017

_Leticia Rubio_
Notary Public for Dallas County, Texas

|  |  |  |
|---|---|---|
| EX PARTE | § | IN THE COURT OF |
|  | § |  |
|  | § | CRIMINAL APPEALS OF TEXAS |
|  | § |  |
| JEREMY CRESPIN | § |  |
|  | § | AT AUSTIN, TEXAS |

### APPLICANT'S PRO SE REPLY TO COURT OF CRIMINAL APPEALS' ORDER DATED DECEMBER 17, 2014 THAT 1994 LAW APPLIES AND THAT THE JUVENILE COURT ONLY TRANSFERRED CONDUCT WHEN APPLICANT WAS 16 YEARS OLD

TO THE HONORABLE JUDGES OF THIS COURT:

The Court of Criminal Appeals has sent this case back to the convicting court for an evidentiary hearing. In doing so, the Court noted that the juveile court only transferred the 1996 conduct to the convicting court. Indeed, both the Petition for Transfer and Waiver of Jurisdiction and Order of Transfer limited the conduct alleged and the conduct transferred to conduct when Applicant was 16 years old. Ap Ex "C". Applicant was NOT 16 years old on the date of this offense (nor on the date of the offense in the companion case) as that date is recorded in the Judgment(s). Ap Ex "B". Therefore, because the juvenile court never waived its exclusive jurisdiction over the conduct that Applicant was convicted of, the convicting court never had jurisdiction over the offense(s) and the Judgment(s) are VOID. See, Ex parte Waggoner, 61 S.W.3d 429, 431 (Tex.Crim.App.2001).

The Court of Criminal Appeals was also concerned that Applicant did not object to the prosecution due to age restrictions prior to the guilty plea. However, the alleged conduct that Applicant was convicted of happen in 1994 (according to the Judgment(s)). Article 4.18 of the Code of Criminal Procedure, that requires an objection, was not effective until 1996. Thus, the Court of Criminal Appeals has already settled that Article 4.18 does

NOT apply to pre-1996 conduct, like the 1994 conduct at issue in this judgment. See, Waggoner, 61 S.W.3d at 431 n.2. Nevertheless, the failure to object would support, as complained in Ground Seven, that counsel was ineffective in dealing with the age issue. Moreover, the record (Applicant's Exhibit "A") supports that Applicant did not knowing and voluntarly waive any juvenile court issues. No matter what happen in the juvenile court, the conivction is VOID due to Applicant's age on the date in the Judgment and it may be raised for the first time in this writ application.

The Court of Criminal Appeals also found that Applicant has alleged facts that, if true, would entitle him to relief. The Court appeared to focus on Applicant's complaints of ineffective assistance of counsel. In doing so, the Court listed some issues that had possible merit. This convicting court has previuosly ORDERED an evidentiary hearing in the companion case (W08-16205-W(B)). The Court of Criminal Appeals listed additonal grounds of ineffective assistance, than the State did in its Responce, that merited an evidentiary hearing. For instance, the Court of Criminal Appeals listed counsel's failure to attempt to suppress the phone call between Applicant and the complainant (Ground Four) and the failure to challenge the revocation allegation (Ground Nine & Ten). Thus, guilty plea counsel, Paul Brauchle, should be required to respond to each individual claim of ineffectiveness (Ground Three - Ground Eight). This would also include revocation Counsel, Davey Lamb, responding to Ground Nine, and revocation appellate counsel, J. Daniel Oliphant , responding to Ground Ten. Perhaps the most efficent type of hearing would be a live hearing where all the disputed facts could be resolved at one time. See, Charles v. State, 146 S.W.3d 204, 210 (Tex.Crim.App.2004).

In REPLY to the COurt of Criminal Appeals' concerns about Ground One, Applicant presents the following:

## INTRODUCTION

The Court of Criminal Appeals is correct, things are very "unclear" in this case. The first question that must be answered is what law applies, the 1996 law or the 1994 law? It must also be determined what conduct was transferred: specific conduct that happen on an undetermined date, conduct that happen only in 1996, or all conduct that was before the juvenile court that happen from 1994 through 1996? In answering these questions, one can conclude what theory of law to follow. However, no matter what theory of law is followed, the convicting court had no jursidiction over the 1994 conduct and the conviction is VOID. Most importantly, it should be noted that in his writ application and memorandum of law that Applicant did NOT rely soley upon the $invaild juvenile court transfer Order theory, as the State and convicting court did; rather, Applicant plead that the convicting court did not have jurisdiction for many reasons, to include under Penal Code, Section 8.07.

## 1994 LAW APPLIES

The Texas Legislature completely overhauled and amended the State's juvenile justice provisions in 1995. In doing so the Legislature demanded that:

> "[T]his Act applies only to conduct that occurs on or after January 1, 1996. Conduct violating a penal law of this State occurs on or after January 1, 1996, if every element of the violation occurs on or after that date. Conduct that occurs before January 1, 1996 is governed by the law in effect at the time the conduct occured, and that law is continued in effect for that purpose."

See, Act of May 31, 1995, 74th Leg., R.S., ch 262 § 106.  The

Judgment for this conviction records that the offense happen

on September 1, 1994.  Ap Ex "B".  Thus, the law in effect in

1994 must be applied to this conviction.

ARTICLE 4.18 DID NOT EXISIT IN 1994

In 1994 there was no Article 4.18 of the Code of Criminal

Procedure.  Thus, in 1994 there was no requirment that a criminally

accused had to challenge a prosecution, due to age restrictions,

prior to the plea.  Therefore, Applicant may challenge that

his conviction is VOID due to age restrections for the first time

in these post-conviction habeas corpus proceedings.  See, Waggoner,

61 S.W.3d at 431 n. 2.

AGE RESTRICTIONS LAWS IN 1994

In 1994, Article 8.07 of the Penal Code provided that:

"(a) A person may not be prosecuted or convicted
of any offense that he committed when younger that
15 years of age except:
...
(b) Unless the juvenile court waives jurisdiction
and certifies the individual for criminal prosecution,
a person may not be prosecuted for or convicted of
any offense committed before reaching 17 years of age
except: "
...

See, Acts 1975, 64th Leg., P. 2158, ch. 693.  And, in 1994

Section 54.02(j) of the Family Code provided that:

"The juvenile court may waive its exclusive original
jurisdiction and transfer a person to the appropriate
district court or criminal district court for criminal
prosecution if:
(1)  the person is 18 years of age or older; [and]
(2)  the person was 15 years of age or older and
under 17 years of age at the time his is alleged
to have committed a fenoly; "
...

See, Acts 1975, 64th Leg., p. 2156, ch. 693 § 16.  Thus, Applicant

was required to have been 15 years or older at the time of the offense for the juvenile court to waive its exclusive jurisdiction and/or for the convicting court to have jurisdiction over this offense.

## IT IS "CONDUCT" THAT IS TRANSFERRED NOT JUST A PERSON

As the Court of Criminal Appeals pointed out in its remand Order, the problem in this case is that the transfer order alleged the 1996 date when Applicant was over 15 years of age.  So, what is the effect of the Indictment and Judgment recording that the offense Applicant was convicted of happen in 1994, when Applicant was only 14 years old?

> "Although it is common practice to refer to waiver of jurisdiction as though the child were being declared an adult for criminal proceedings, that is incorrect. A juvenile court waives jurisdiction only with respect to conduct, and a criminal court has jurisdiction to adjudicate only for the same conduct for which the juvenile court transferred jurisdiction."

See, Livar v. State, 929 S.W.2d 573, 574 (Tex.App. - Ft. Worth 1996)(citing Ex parte Allen, 618 S.W.2d 357, 361 (Tex.Crim.App. 1981)(Op. on reh'g)).  Nevertheless,

> "[t]he State may charge in a criminal court any offense that can be proven if it is based on conduct for which the juvenile court has ordered the juvenile transferred."

See, Livar, 929 S.W.2d at 575.  Thus, the question: what "conduct" did the juvenile court transfer in its Order?

## ONLY "CONDUCT" TRANSFERRED WAS WHEN APPLICANT WAS 16 YEARS OLD

The Court of Criminal Appeals was correct to note in its remand Order that the juvenile court only transferred the 1996 conduct.  Specifically, the Petition for Discretionary Transfer, in alleging that the conduct happen on or about September 1, 1996 also alleged that, "The Respondent, Jeremy Crespin, ... was 16 years of age at the time he is alleged to have committed the said offense..."

Ap Ex "C". More importantly, the Waiver of Jurisdiction and Order of Transfer to a Criminal District Court specifically found that "Respondent, Jeremy Crespin...being 16 years of age at the time the acts upon which the Motion is founded are alleged to have ocurred" and that "Respondent was 15 years of age or older at the time he is alleged to have committed the offenses..." Interestingly, the juvenile court also specifically transferred conduct in the companion offense that happen "on or about the 1st day of September, 1996"; however, in transferring the offense alleged for this conviction, the juvenile court limited it to conduct "occuring on the 1st day of September, 1996" not utlizing the "on or about" language. The point being that the juvenile court only transferred conduct that is alleged to have happened when Applicant was 16 years old, from September 4, 1995 until September 3, 1996, or only conduct that happen on September 1, 1996.[1]

Therefore, the juvenile court never transferred conduct that happen on September 15, 1994 in the companion case, nor conduct that happen on September 1, 1994, in this conviction. Thus, the convicting court never aquired jurisdiction over either the companion case nor this conviction. See, Waggoner, 61 S.W.3d at 431. The Judgment in this conviction (and in the companion case) is VOID and Applicant is entitled to RELIEF.

---

1.    The juvenile court had before it a Social and Investigative Report that detailed the conduct alleged in these cases. Ap Ex "C". In that Report and the Police Reports, the complainant reported that similar offenses happen from the start of the 1994 school year until the end of the school year summer of 1996, or from September 1994 until September 1996. Moreover, the record demonstrated that a petition was first filed in the juvenile court for the 1994 conduct; however, the State purposefully amended the petition to only be for the 1996 conduct. So for whatever reason, only the 1996 conduct was transferred.

CONCLUSION -- TAYLOR V. STATE = LIMITING LANGUAGE

A similar fact scenario happen in Taylor v. State, 332 S.W.3d 483 (Tex.Crim.App.2011). In Taylor, the Indictment, testimony, and jury charge, all allowed for a conviction for conduct when the defendant was both under 17 and over 17 years of age. Id. at 489. The Court of Criminal Appeals held that because of the "on or about" dates that the jury's verdict could have included both under 17 years old conduct and over 17 years old conduct when the jury instructions failed to contain a limiting instruction. Id. at 491-492. Following this reasoning, if there had been a limiting ionstruction, the jury would not have considered any conduct prior to when the defendant was 17 years of age, despite the "on or about" dates. See also, also Alberty v State, 250 S.W.3d 115, 118 (Tex Crim App. 2008), after Remand, 2008 Tex. App. Lexis 5252 #5 And, applying that reasoning to these cases, the juvenile court Order had limting language that limited the transfer to conduct when Applicant was 16 years old, despite any use of the "on or about" dates. Thus, the convicting court never aquired jurisdiction over these convictions when the Judgments reflect dates of offenses when Applicant was NOT 16 years old. The juvenile court never waived, or transferrred, its exclusive jurisdiction over the offenses, or conduct, in the companion case (W08-16205-W(B)) nor this conviction.

Respectfully Submitted,

x _Jeremy Crespin_
Jeremy Crespin
TDCJ No. 1807429
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX 76597

APPLICANT PRO SE

## VERIFICATION / CERTIFICATE OF SERVICE / COMPLAINCE

I, Jeremy Crespin, TDCJ No. 1807429, being presently incarcerated in the Hughes Unit of TDCJ-CID in Coryell, County, Texas do declare under penalty of perjury that the facts herein are true and correct and that I have caused a carbon copy of this docuemnt to be served on the Dallas COunty District Attorney AND that this document is only 7 pages long, for a total of 41 pages and compies with Rule 73, being mailed 1st Class USPS on the date executed below.

EXECUTED on this the ___5___ day of __January__, 2015.

x _Jeremy Crespin_
Jeremy Crespin
Applicant PRO SE

**WRIT NO. W08-16205-W(B)**

| | | |
|---|---|---|
| EX PARTE | § | IN THE 363RD JUDICIAL |
| | § | DISTRICT COURT |
| JEREMY CRESPIN | § | DALLAS COUNTY, TEXAS |

## STATE'S PROPOSED ORDER DESIGNATING ISSUES

Having considered the applicant's Application for Writ of Habeas Corpus and the State's Response, the Court finds that controverted, previously unresolved facts material to the legality of the applicant's confinement exist. The Court finds that the issue of whether applicant was denied effective assistance of counsel during the original plea proceedings needs to be resolved in the present case.

The Court appoints _____ to resolve these issues and prepare findings of fact and conclusions of law for the Court. The designated issues may be resolved by affidavits, depositions, interrogatories, or by hearings, as deemed necessary by the person appointed herein.

*Above appointed attorney does not represent the applicant. Applicant is not entitled to counsel at this time.*

1

The Clerk of the Court is ORDERED to send a copy of this order to the applicant, Jeremy Jason Crespin, TDCJ No. 01807429, at the Alfred D. Hughes Unit, Route 2 Box 4400, Gatesville, TX 76597, and to counsel for the State.

SIGNED this _____ day of _____, 2014.

_____
**JUDGE PRESIDING**

2

COPY

CCA WRIT NO. WR-82,141-04
T.C. WRIT NO. W08-16205-W(B)
TRIAL CAUSE NO. W08-16205-W

EX PARTE

JEREMY CRESPIN

§
§
§
§
§

IN THE 363RD JUDICIAL

DISTRICT COURT OFF

DALLAS COUNTY, TEXAS

## APPLICANT'S PRO SE MOTION TO STRIKE TRIAL COUNSEL'S RESPONSE AND FOR A LIVE EVIDENTIARY HEARING

TO THE HONORBALE JUDGE OF THIS COURT:

Trial counsel;s (Paul Brauchle) "response", or affidavit, is conclusorytand does not state any facts within the "personal knowledge" off counsel. Thus, Mr. Brauchle's response is legally insufficent to respond to the allegations of ineffective assistance of counsel. Counsel's response is not creditable and should be discarded and STRUCK by the Court. Indeed, such a response that ignores the allegations is the very reason that live hearings are the preferred method to resolve disputed facts within ineffective assistance of counsel claims. See, Charles v. State, 146 S.W.3d 204, 210 (Tex,Crim.App.2004)(citing Manzi v. State, 88 S.W.3d 240, 250 (Tex.Crim.App.2002)(concuring by Cochran, J.)).

Mr. Brauchle's response nowhere claims to include any facts within the "personal knowledge" of counsel. To be legally sufficient, an affidavit must disclose and swear that the facts presented are within the affiant's "personal knowledge." See, In Re E.I., Dupont De Nemours and Co.., 136 S.W.3d 218, 224 (Tex.2009)(citing Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex.1994)), Baham v. State, 184 S.W.3d 792, 800 (Tex.App. - Beaumont 2006); See also, Charles, 146 S.W.3d at 210 (following civil Rules for affidavit requirments). Thus, Mr. Brauchle's response is NOT an "affidavit" and has no probative valure to respond to the allegations of

ineffective assistance. The Court should STRIKE counsel's response and hold a live hearing.

Similarly, Mr. Brauchle's response is only conclusory in nature -- broadly claiming that all the allegations of ineffective assistance are lies and that counsel could not be ineffecitve when he secured a plea bargain for the absolute least possible punishment of 5 years probation. Affidavits that are conclusory in nature and unsupported by facts are insufficent to resolve disputed facts. See, Dupont, 136 S.W.3d at 224 (citing Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex.1989); Baham, 184 S.W.3d at 800; See also, Charles, 146 S.W.3d at 210 (following civil Rules for affidavit requirments). Therefore, Mr. Brauchle's response has no "facts" and has no probative vaule to respond to the allegations of ineffective assistance. This Court should STRIKE counsel's response and hold a live hearing.

Nevertheless, Mr. Brauchle's response does reveal his true attitude about these cases. Primarly, Mr. Brauchle is too lazy to answer the specific allegations of ineffectiveness today, just as he was too lazy to properly investigate these cases at the time of the plea. If everything is lies, and Mr. Brauchle truely invetigated these cases, then Mr. Brauchle should hawve no problem detailing that investigation to this Court. Again, Mr. Brauchle's response reveals his true thoughts -- all that mattered at the time of the plea, and still today, is that Mr. Brauchle "secure[d] him a five year probation ..." Yet, the Court of Criminal Appeals has rejected that very attitude in holding that counsel's alleged skill in obtaining a lenient punishment does not remove counsel's duty to investigate the facts and law AND **to properly advise a criminally accused on the relevant issues.**

See, Ex parte Langley, 833 S.W.2d 141, 144 (Tex.Crim.App.1992); See also, Ex parte Imoudou, 284 S.W.3d 866, 871 n.4 (Tex.Crim. App.2009)("a lenient sentence does not indicate a lack of prejudice."). Mr. Brauchle should be required to take the time to specifically respond to each specific allegation of ineffective assistance, that the State, this convicting court, and the Court of Criminal Appeals, have all found to have possible merit; or rather, Mr. Brauchle should be put on the witness stand to explain his actions, or inactions, to this convicting court.

Mr. Brauchle is attempting to subvert justice in filing a response that tries to excuse his ineffectiveness by conclusory claiming Applicant is lieing because counsel secured a deal for 5 years probation and without any further explaination. Similarly, it would be a travesty of justice for this Court to allow counsel to ignore the detailed and serious allegations of ineffectiveness by allowing a legally insufficent response. In fact, the Court should be suspect of anything further that Mr. Brauchle claims -- just as there is a presumption of unrealiabilty when an affiant refuses to testify to support an affidavit -- the inference should be that Mr. Brauchle is attempting to hide something when he faile to provide a legally sufficent response.

Moreover, counsel's claim that all the allegations of ineffectiveness are lies is blantly false in and of itself. The documentary evidence supportng the writ application themselves, as admitted by the State and Court of Criminal Appeals, demonstrates the problem with Applicant's age at the time of the alleged offenses. Obviously, Applicant is NOT lieing about that. And, if everyhting was lies -- the counsel is admitting that he did not advise Applicant of a possible LIFE sentence, nor that the sentences could be

stacked, nor that a jury was liekly to believe the complaintant over Applicant. Such admittances would support ineffecitve assistance grounds themselves. Again, these are but examples from Mr. Brauchle's conclusory response of why the Court of Criminal APpeals preferres live hearings, with counsel on the witness stand, where such "abbiguities may be cleared up by follow-up quewstions, pressing for factual basis of a conclusion, and by cross-examination." See Charles, 146 S.W.3d at 209-210.

Indeed, federal courts have sternly rebuked state court proceedings that relied on conclusory affidavits from trial counsel -- even when those conclusory affidavits had more detail that Mr. Braucle's response. See, Richards v. Qaarterman, 566 F.3d 558, 590 (5th Cir. 2009)(affirming Richards v. Quarterman, 576 F. Supp.2d 849, 855 858 (N.D. Tex 2008). This Court should simply not stand for the insolence of Mr. Brauchle. Afterall, if Mr. Brauchle is so unknowleggable and uneducated in the law as to not know what is required for a legally suffucent affidavit (actual supporting facts within his "personal knowledge") then Mr. Brauchle is certainly not competent to represent a criminally accused. And, if Mr.Brauchle is knowledgebble of the requirments for an affidavit and ignored those requirments ... lets just say he should be held in contempt of court and disbarred. In any event, Mr. Brauchle has either demonstrated his own ineffectiveness or lack of creitability.

PRAYER

WHEREFORE, ALL CONSIDERED, JEREMY CRESPIN, the Applicant, acting PRO SE, PRAYS that this Honorable Court GRANT this motion in all things and therein ORDER that trial counsel's response be STRIKEN from the record and that a live hearingery hearing be held prior to March 17, 2015 as ordered by the Court of Criminal Appeals in Cause No. W08-16204-W(B); and, any and all other relief this Court finds proper in the inerest of juetice.

Respectfully Submitted,

x *Jeremy Crespin*
Jeremy Crespin
TDCJ No. 1807429
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX  76597

Applicant PRO SE


## CERTIFICATE OF SERVICE

I, Jeremy Crespin, certify that I ahve caused a copy
of this motion to be served on the Dallas County District Attorney
and Mr. Paul Brauchle by 1st Class USPS on this the __5__ day
of ___January___, 2015.

x *Jeremy Crespin*
Jeremy Crespin
Applicant PRO SE

J

CCA WRIT NO. WR-82,141-04
T.C. WRIT NO. W08-16205-W(B0
TRIAL CAUSE NO. W08-16205-W

EX PARTE

JEREMY CRESPIN

§
§
§
§
§

IN THE 363RD JUDICIAL

DISTRICT COURT OF

DALLAS COUNTY, TEXAS

## ORDER

ON this date the Court has considered "Applicant's PRO SE Motion to STRIKE Trial Counsel's Response and for a Live Evidentiray Hearing." The Court RULES as follows:

The motion is    GRANTED / DENIED .

When GRANTED the Court finds that trial counsel, Paul Brauchle's, response FILED on December 19, 2014 in this cause is legally insufficent to respond to the allegations of ineffective assistance in the writ application because it is conclusory and does not swear to facts within the "personal knwwledge" of counsel. Therefore, it the ORDER of this Court that Mr. Brauchle's "Respondent's Answer" FILED in this cause on December 19, 2014 be STRICKEN from the record.

Thus, when GRANTED the District CLerk id ORDERED to STRICK trial counsel, Paul Brauchle's, "Respondent's Answer" FILED in this cause on December 19, 2014 from the record.

Moreover, when GRANTED the Court ORDERS that a live evidentary hearing will be held in this cause, and the companion case (W08-16204-W(B)) on the _____ day of _____, 2015 at _____' am/pm in the 363rd District Court's courtroom. The parties are allowed to have the District Court ISSUE Subpoenas withoutrany fees for this hearing. CLeRK

The District CLerk is ORDERED to provide a copy of this Order to the Dallas County District Attorney, the Applicant, and Paul Brauchle.

EXECUTED on this the _____ day of _____, 2015.

X _____
Presiding Judge

Printed Name: 

_____

*COPY*

Jeremy Crespin
TDCJ No. 1807429
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX 76597

Able Acosta, Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308
Austin, TX 78711

Januray 5, 2015

RE: WR-82,141-03 & WR-82, 141-04

Dear Clerk:

Please find enclosed copies of documents for both of the above case numbers. The writ record in WR-82,141-4 has not yet been forwarded to this Court. However, Rule 73 of the Texas Rules of Appellate Proceudre now requires the convicting court to forward to this Court any Orders Designating Issues. I have included that Order herein for the Court's records and it should create a new case number for that writ application.

Please find enclosed the following documents to FILE in the record of case number WR-82,141-04:

1) State's Proposed Order Designating Issues
2) Respondant's Answer (Trial Counsel's Affidiavit)
3) Applicant's PRO SE Motion to STRIKE Trial Counsel's Response and for a Live Evidentiary Hearing (COPY).

Please find enclosed the following document to FILE in the record of case number WR-82,141.03:

1) Applicant's PRO SE REPLY to Court of Criminal Appeals' Order Dated December 17, 2014 That 1994 Law Applies and That the Juvenile Court Only Transferred Conduct WhenApplicant Was 16 Years Old.

These documents were FILED in the convicting court; however, I'm worried that court will not forward these documents to this Court --- that is why I am providing a copy.

Thank YOU for your time and assistance in this matter.

Respectfully,

x *Jeremy Crespin*
Jeremy Crespin
Applicant PRO SE

JC/swd
cc: DIstrict Court (363rd)
    Dallas County District Attorney
    FILE